Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5776 | **DATE** | 10/11/2001 |
| **CASE TITLE** | Jones vs. Pacific Rail Services | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]  Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, defendant Pacific Rail's motion for summary judgment (19-1) is granted. Judgment is entered in favor of defendant.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | 10-12-01 date docketed | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR6 courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TERRENCE JONES, )
)
      Plaintiff, )
)
v. ) No. 00 C 5776
)
PACIFIC RAIL SERVICES, )
)
      Defendant. )

DOCKETED
OCT 1 2 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

      Plaintiff Terrence Jones has sued his employer Pacific Rail Services under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.*, for failing to take corrective action after Jones said he had been sexually harassed in the workplace. This case is before the Court on Pacific Rail's motion for summary judgment. For the reasons outlined below, the motion is granted.

## FACTUAL BACKGROUND

      Since February 8, 1999, Jones has been employed by Pacific Rail as a groundsman/spotter. In April 1999, Jones and two co-workers, Henry Poole and Lemont Brock, went to a hotel room in Lansing, Indiana with a woman Jones knew only as "Mutt Face." Poole and Brock engaged in sexual intercourse with the woman and videotaped their activity. Jones also attempted to have sex with the woman on videotape but was unable to perform. After his unsuccessful attempt at sexual intercourse, Jones took a shower. While Jones was in the shower,

Poole and Brock unexpectedly entered the bathroom and videotaped Jones washing his genital region.

A few days later, Poole, against Jones' wishes, brought the tape to Pacific Rail on a day when Terminal Manager, Craig Zarzecki, was not working. Poole proceeded to air the videotape in a break room at the Pacific Rail facility. Employees of both Pacific Rail and Central Intermodal, a separate corporation that leases office space in the same building as Pacific Rail, apparently watched the videotape, including an employee of Central Intermodal known to Jones only as "Fred." Thereafter, Fred repeatedly taunted Jones by stating that he "liked dick" and similar remarks. *See, e.g.,* Jones Dep. at 83-84. According to Jones, Fred also "continued [] making jokes and cracks about [Jones'] sexual preference." *Id.* at 72. At one point, Jones asked Fred why he was saying that Jones "liked dick," and Fred responded "[b]ecause you like dick, because you said it on the tape and how you was [sic] acting on the tape .... " *Id.* at 190. Prior to the release of the pornographic tape, Jones had never been taunted by Fred. Jones complained to Pacific Rail supervisors regarding Fred's actions, but the company took no corrective action.

Jones also complains that in March 2000, Shannon Walker, an Assistant Terminal Manager at Pacific Rail, called Jones "gay boy." Terminal Manager Zarzecki met with both employees and Walker ultimately apologized for the comment. Jones filed a discrimination charge with the EEOC on April 4, 2000 and received a right-to-sue letter on June 23, 2000.

## DISCUSSION

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

-2-

of law." Fed. R. Civ. P. 56(c). In determining whether a genuine issue of material fact exists, courts must construe all facts and draw all reasonable and justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Same-sex harassment is actionable under Title VII, but only "to the extent it occurs 'because of' the plaintiff's sex." *Shepherd v. Slater Steels Corporation*, 168 F.3d 998, 1007 (7th Cir. 1999); *See also Spearman v. Ford Motor Company*, 231 F.3d 1080, 1084 (7th Cir. 2000) (Title VII prohibits an employer from harassing an employee "because of" his or her sex). Thus, "workplace harassment ... does not automatically constitute sex discrimination 'merely because the words used have sexual content or connotations.'" *Shepherd*, 168 F.3d at 1008 (citations omitted). Rather, to sustain a Title VII claim, a plaintiff must show that "conduct at issue was not merely tinged with offensive sexual connotations," but that the conduct actually occurred "because of" his or her sex. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 81 (1998). The term "sex" has been interpreted to mean biological sex, and harassment based solely on sexual preference or orientation is not unlawful. *Spearman*, 231 F.3d at 1084 (citing *Ulane v. Eastern Airlines, Inc.*, 742 F.2d 1081, 1085 (7th Cir. 1984)).

The Supreme Court has identified several ways in which a showing of same-sex harassment can be made: (1) by offering credible evidence that the harasser was actually motivated by sexual desire toward members of his own gender; (2) by offering proof of gender-specific statements from which an inference can be drawn that "the harasser is motivated by general hostility to the presence of members of the same sex in the workplace;" and/or (3) by offering comparative evidence showing differences in how the harasser treated members of both sexes in the workplace. *Oncale*, 523 U.S. 80-81.

Jones attempts to survive summary judgment under the first method outlined above. However, he has failed to offer admissible evidence that his harasser was motivated by sexual desire towards him. As Jones concedes, "[t]here is no evidence in the record that Fred is a homosexual." Plaintiff's Response to Summary Judgment, p. 5. Instead, Jones argues that Fred's comments to Jones (*e.g.*, that he "liked dick") suggest homosexual tendencies. To support his claim, Jones offers an affidavit filed in response to defendant's summary judgment motion, in which he attempts to recast his earlier deposition testimony in a light that might more readily suggest that Fred is homosexual. For example, in his affidavit, Jones offers the conclusory statement that "Fred continued to come into the locker room and make sexually suggestive comments to me," Jones Affidavit, ¶ 8; he further strings together various alleged comments by Fred (some of which he did not identify in his deposition) to attempt to suggest a more sexually-charged exchange between Fred and Jones, *Id.* ¶ 3.

As the Seventh Circuit has noted, "an affidavit which seeks to bolster a party's prior deposition is not entitled to consideration." *Pryor v. Seyfarth, Shaw, Fairweather & Geraldson*, 212 F.3d 976, 978 (7th Cir. 2000) (citations omitted). Here, a reading of Jones' deposition as a whole makes clear that he did not interpret Fred's comments as sexual advances, but rather as a commentary on his sexual preference and as insults to his "manhood." Indeed, when asked in his deposition to explain how he was harassed, Jones indicated that he was harassed by being called gay. *See* Jones Dep. at 79. There is nothing in Jones' deposition to suggest that Fred was genuinely soliciting sex from Jones (or that Jones believed that to be the case) or was otherwise directing harassment at Jones "because of" his gender. *See Shepherd*, 168 F.3d at 1009 (what matters is whether a reasonable factfinder could infer that the plaintiff was

harassed 'because of' his sex"). Fred's remarks, though unpleasant and juvenile, do not create a cognizable claim under Title VII.[1] *See, e.g., Johnson v. Hondo, Inc.*, 125 F.3d 408, 412-13 (7th Cir. 1997) (finding that the record did not support plaintiff's characterization of his harasser as a homosexual and that sexually explicit remarks made among male co-workers were mere "expressions of animosity or juvenile provocation," not sex discrimination); *Spearman*, 231 F.3d at 1085-86 (sexually explicit insults directed to plaintiff's perceived homosexuality did not violate Title VII).

Jones' claims fail on another basis as well: the law is clear that alleged sexual harassment, whether it involves members of one or both genders, must be "so objectively offensive as to alter the 'conditions' of the victim's employment before it may be deemed sex discrimination." *Shepherd*, 168 F.3d at 1008 (citing *Oncale*, 523 U.S. at 78). A review of the severity of the harassment must "take into account the totality of the circumstances." *Id.* (citations omitted). Based on Jones' willing participation in a group sex video and a review of the totality of the circumstances that led to Jones' current predicament, no reasonable factfinder could conclude that the remarks made to him were so objectively offensive as to alter the conditions of his employment.

---

[1] Though Jones mentions the incident with Shannon Walker (*i.e.*, Walker calling Jones "gay boy") in his affidavit and statement of undisputed facts, he does not appear to rely on the incident to support his claim. In any event, Walker's comment is not sufficient to give rise to an inference of discrimination that could sustain a Title VII claim. *See Spearman*, 231 F.3d at 1084 (harassment based on sexual preference or orientation is not unlawful).

## CONCLUSION

For the reasons stated above, defendant Pacific Rail's motion for summary judgment (docket item 19-1) is granted. The Clerk is directed to enter judgment in favor of defendant.

Dated: October 10, 2001

MATTHEW F. KENNELLY
United States District Judge